UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDON L. WILLIAMS,

    Plaintiff,

v.                                              CASE NO. 3:15-cv-1449-J-39MCR

BANK OF AMERICA CORPORATION
and MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion for Additional Time to Complete Plaintiff's Deposition ("Motion for Additional Time") (Doc. 116), Plaintiff's Response in Opposition thereto and Request for a Hearing (Doc. 136), Defendants' Motion for Leave to File a Reply ("Motion for Reply") (Doc. 137), and Plaintiff's Response in Opposition thereto (Doc. 140). The undersigned held a hearing on these filings on August 21, 2018. For the reasons stated herein, the Motion for Additional Time is **GRANTED in part** and **DENIED in part**, and the Motion for Reply is **MOOT**.

On May 18, 2018,[1] during Plaintiff's deposition, the Court received telephone calls from defense counsel asking for an emergency hearing to address certain issues that came up during the deposition. A telephonic hearing

---

[1] On that day, the undersigned was conducting a settlement conference in another case.

took place that day, at which the Court heard from the parties and advised the *pro se* Plaintiff about the discovery process and the proper conduct during a deposition. (*See* Doc. 115; Doc. 133 at 8 ("When counsel propounds questions to you, you are to respond as simply as possible. It's not necessary for you to do long narratives to answer a question, unless you're asked. If the question requires a yes or no, then you will respond in a yes or no, but it's not necessary for you to go into these long narratives. You need to cooperate with counsel."), 9 ("And as far as the questions that you will get from here on out, you are to respond as succinctly as possible to counsel. You're not to be vague on questions. You're not to give half answers. You answer to the best of your ability as succinctly as possible."), 12-13 ("Now, we want, obviously, all parties to be professional and conduct themselves that way. Now, if there comes a point where this deposition deteriorates again, then I'll -- I'll have to look at other – well, let's just not go to that at this point. Right now, continue the deposition. Mr. Williams, you are being deposed, and, again, respond to the questions accordingly.").) At the hearing, defense counsel expressed a concern, based on the way the deposition was going, that it would be "very difficult" to get through the questions in seven hours. (Doc. 133 at 13.) Plaintiff's response was: "Your Honor, I have no problem in coming back to any follow-up of deposition. I don't have a problem. If they have questions, they can depose me for whatever time frame." (*Id.* at 13-14.)

On May 30, 2018, Defendants filed the Motion for Additional Time, seeking to continue Plaintiff's deposition for up to four additional hours "to allow for a fair examination of Plaintiff regarding his claims and his alleged damages in his Third Amended Complaint" and asking the Court to remind Plaintiff of the need to provide succinct responses to Defendants' questions. (Doc. 116 at 1, 3.) Defendants advised that when the deposition ended after 5:00 p.m. on May 18, 2018, the parties were "on the record just over six hours and, at that time, counsel for Defendants was not finished questioning Plaintiff regarding all of his claims and his alleged damages." (*Id.* at 2.) Defendants represented that during his deposition, "Plaintiff was evasive and obstructive, repeatedly failing to provide responses to the questions asked by counsel for Defendants and instead providing long-winded editorialized commentary nonresponsive to the questions presented to him."[2] (*Id.*) Defendants also advised the Court that at the time the deposition ended, Plaintiff agreed to continue his deposition. (*Id.* at 3.) This was consistent with Plaintiff's representation at the May 18, 2018 telephonic hearing. (*See* Doc. 133 at 13-14 ("Your Honor, I have no problem in coming back to any follow-up of deposition. I don't have a problem. If they have questions, they can depose me for whatever time frame.").) As such, on May 23, 2018, defense counsel asked Plaintiff to appear for his continued deposition on June 12, 2018.

---

[2] At least one such long-winded response was read to the Court from the deposition transcript during the telephonic hearing on May 18, 2018. (*See* Doc. 133 at 4-7.)

(Doc. 116 at 3.) It seems that Plaintiff initially agreed, but on May 25, 2018, he stated that he would appear for only one additional hour. (*Id.*)

In light of the upcoming discovery deadline of July 16, 2018 and Defendants' notice reserving June 12, 2018 for Plaintiff's continued deposition, the undersigned shortened Plaintiff's deadline for responding to the Motion for Additional Time to June 6, 2018. (Doc. 117.) Plaintiff was cautioned that if he did not file a response by June 6, 2018, Defendants' Motion for Additional Time would be deemed unopposed. (*Id.*) When Plaintiff did not file a response, the Court considered the Motion for Additional Time to be unopposed, particularly in light of Plaintiff's earlier representation to the Court that he would submit for another deposition, and granted it. (Doc. 118.) The Court stated: "Defendants shall have up to four additional hours to continue Plaintiff's deposition. Plaintiff is reminded to provide succinct responses to Defendants' questions." (*Id.*)

Subsequently, Plaintiff filed a Rule 60(b)(3) Motion for Relief from the Court's June 7, 2018 Order, arguing, in part, that he did not have adequate time to respond to Defendants' Motion for Additional Time.³ (Doc. 121.) On July 11,

---

³ Although Plaintiff is currently proceeding *pro se* (*see* Doc. 106 (relieving Peter Michael Hoogerwoerd, Esq., Nathaly Lewis, Esq., and the law firm of Remer & Georges-Pierre, PLLC of any further responsibility as counsel for Plaintiff)), he is an experienced litigant having filed at least twelve civil actions in the Middle District of Florida alone. Further, back in December 2015, the Court entered an Order in this case, advising Plaintiff of some of the procedural rules with which he must comply as a *pro se* litigant. (Doc. 3.) That Order provided, in relevant part: "If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document
(continued...)

4

2018, the Court vacated the June 7, 2018 Order, which allowed Defendants four additional hours to continue Plaintiff's deposition, recommitted Defendants' Motion for Additional Time to the undersigned, and directed Plaintiff to respond to that Motion by July 30, 2018. (Doc. 129.)

On July 30, 2018, Plaintiff responded to the Motion for Additional Time, arguing that it should be denied for failure to include a memorandum of law. (Doc. 136.) Plaintiff also disputed defense counsel's representation that he was evasive or obstructive during his initial deposition. (*Id.* at 4.) According to Plaintiff, defense counsel's "lack of proper planning and preparation during the Plaintiff's May 18, 2018 deposition" was the reason for their request for additional time to continue Plaintiff's deposition. (*Id.* at 5.) Further, Plaintiff argued that Defendants would not be harmed if their Motion for Additional Time was denied, because Plaintiff's initial deposition was comprehensive and exhaustive, as it lasted seven and a half hours. (*Id.* at 6, 8.)

On August 21, 2018, the Court held a hearing on Defendants' Motion for Additional Time and related filings. (*See* Doc. 145.) The parties' contentions

---

[3](...continued)
out of time." (*Id.* at 2.) Therefore, if Plaintiff needed an extension of time to respond to Defendants' Motion for Additional Time, he was put on notice that he needed to file a motion seeking such relief. Nevertheless, Plaintiff did not seek an extension of the shortened deadline to file his response to Defendants' Motion for Additional Time either before or after that deadline expired.

5

were fully addressed at the hearing.[4]  For the reasons stated herein, the Court agrees with Defendants that good cause exists for granting their request for additional time to continue Plaintiff's deposition.

First, Plaintiff previously advised both defense counsel and this Court on May 18, 2018 that he was agreeable to continue his deposition "for whatever time frame." (*See* Doc. 133 at 13-14 ("Your Honor, I have no problem in coming back to any follow-up of deposition.  I don't have a problem.  If they have questions, they can depose me for whatever time frame.").)  It is disturbing that Plaintiff denied making this statement when questioned by the Court on August 21, 2018, particularly since the transcript from the May 18, 2018 hearing clearly reflects this statement and Plaintiff received a notice of that transcript as soon as it was filed. (*See* Doc. 145 at 10, 11, 12 ("No, I do not remember making that statement."); *see also* Doc. 136 at 7.)

Plaintiff concedes that after his initial deposition, he agreed to make himself available for one additional hour during which he would answer questions relating to his alleged damages.  (Doc. 136 at 6.)  However, the Court finds that one hour would be insufficient to cover all topics that would need to be covered in light of Plaintiff's failure to answer defense counsel's questions directly and

---

[4] As such, Defendants' Motion for Reply (Doc. 137) is **MOOT**.  Defendants sought leave to file a reply in order to address Plaintiff's alleged mischaracterizations of previous discussions between Plaintiff and defense counsel regarding the continuation of his deposition and Plaintiff's omission of his previous commitment to the Court that he would be willing to continue his deposition.  (*Id.* at 2.)

succinctly, which was also evident at the two hearings before the undersigned.[5] As such, the Court will continue Plaintiff's deposition for a period not exceeding two and a half hours to address Plaintiff's FLSA claims, his job duties, his damages, the witnesses identified in discovery, and the 1500 pages of documents served on Defendants on the last day of discovery. (*See* Doc. 145 at 6-7, 21.) Although the Court is limiting the deposition to two and a half hours in an effort to lessen the burden on Plaintiff for having to appear for a follow-up deposition, Plaintiff is cautioned that if he impedes or frustrates the examination by failing to respond to defense counsel's questions succinctly and directly, the Court may extend the time beyond two and a half hours, and, if warranted, impose appropriate sanctions. *See* Fed.R.Civ.P. 37.

Plaintiff's main argument at the hearing and in his recent filings was that Defendant's Motion for Additional Time should be denied for failure to include a memorandum of law.[6] While it is undisputed that Local Rule 3.01(a) requires a memorandum of law to be included in every motion, Defendants' failure to add a

---

[5] At the August 21, 2018 hearing, Plaintiff was not even answering the Court's questions directly and succinctly. (*See* Doc. 145 at 11-12, 17-18, 23-24.)

[6] Plaintiff apparently did not raise this issue with defense counsel during their telephone conversation. (*See* Doc. 145 at 32.) Also, in his earlier filings, Plaintiff stated that when he talked with Ms. Pinson on May 30, 2018 and with Mr. Brice on June 1, 2018, he asked them to withdraw their Motion for Additional Time not because it did not include a memorandum of law, but because "the Motion seeks to improperly prejudice this Honorable Court by furnishing only 20 pages of a very comprehensive and exhaustive deposition which includes three hundred fifty-two (352) pages of the Plaintiff's deposition testimony," which they refused to do so (Doc. 119 at 4-5).

memorandum of law in the subheading was apparently inadvertent and the Motion for Additional Time nevertheless provided adequate guidance to the Court by citing the relevant rules under which it was seeking relief. (*See* Doc. 145 at 19.)

Rule 30(d)(1), which was cited in the Motion for Additional Time, clearly states that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed.R.Civ.P. 30(d)(1). Additional time is needed here to fully and fairly examine Plaintiff, as he has frustrated, delayed, or impeded Defendants' ability to examine him at his first deposition. As stated by defense counsel, "Plaintiff's unwillingness to provide direct and succinct responses to the questions that were asked unnecessarily lengthened the deposition on May 18th."[7] (Doc. 145 at 6.) Plaintiff's failure to provide direct and succinct responses even to the Court's questions was evident during the August 21, 2018 hearing and raises serious concerns about his willingness to cooperate at any subsequent deposition. *See* Middle District Discovery (2015) at 3 ("Discovery in this district should be practiced with a spirit of cooperation and civility.").

---

[7] The Court rejects Plaintiff's suggestion that defense counsel "wasted a lot of her time" during the initial deposition by asking certain background questions (Doc. 145 at 9), which, as Defendants explain, were "necessary to assess the witness's credibility, competency to testify at trial, as well as prepare for any potential voir dire of jurors" (*id.* at 19-20).

Plaintiff is cautioned once again that he must provide succinct and direct responses to defense counsel's questions and fully cooperate with the scheduling of his continued deposition. As the discovery deadline has passed, the Court finds it appropriate to extend the deadline **until September 21, 2018** for the limited purpose of taking Plaintiff's two-and-a-half hour deposition.[8] The parties shall meet and confer regarding the scheduling of the deposition and shall thereafter file a notice advising the Court of the agreed-upon date.

Further, as discussed at the hearing, the mediation deadline in this case is September 14, 2018. (Doc. 98 at 1; Doc. 145 at 26.) Defense counsel advised the Court that Plaintiff has not provided counsel with any possible dates. (Doc. 145 at 26.) Accordingly, the parties shall meet and confer about possible mediation dates and shall thereafter file a notice advising the Court of the agreed-upon date.

Upon consideration, it is **ORDERED**:

1. Defendants' Motion for Additional Time (**Doc. 116**) is **GRANTED** only to the extent that Plaintiff's deposition is continued for a period not to exceed **two and a half hours** to address Plaintiff's FLSA claims, his job duties, his

---

[8] On August 8, 2018, the Court stayed the dispositive motions deadline pending the ruling on Defendants' Motion for Additional Time, and stated that a second amended case management and scheduling order would be entered following the Court's ruling, which would address the discovery and trial deadlines. (Doc. 139.) If the forthcoming second amended case management and scheduling order imposes a different discovery deadline, the parties shall abide by the deadline set by Judge Davis.

9

damages, the witnesses identified in discovery, and the 1500 pages of documents served on Defendants on the last day of discovery. The deposition shall take place **no later than September 21, 2018**, unless ordered otherwise in the Court's forthcoming second amended case management and scheduling order. The parties shall meet and confer regarding the scheduling of the deposition and shall thereafter file a notice advising the Court of the agreed-upon date. The parties shall also meet and confer regarding possible mediation dates and shall thereafter file a notice advising the Court of the agreed-upon date. In choosing a mediation date, the parties should keep in mind that the current mediation deadline is **September 14, 2018**.

    2.    Defendants' Motion for Reply (**Doc. 137**) is **MOOT**.

    3.    **The parties are cautioned that failure to comply with the directives of this Order may result in the imposition of sanctions without further notice**. Once again, the parties are advised that they are expected to practice discovery and litigate in this Court "with a spirit of cooperation and civility." Middle District Discovery (2015) at 3.

    **DONE AND ORDERED** at Jacksonville, Florida, on August 29, 2018.

*[Signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff

Counsel of Record