UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDON L. WILLIAMS,

    Plaintiff,

v.                                                       CASE NO. 3:15-cv-1449-J-39MCR

BANK OF AMERICA CORPORATION and
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Seal and Supporting Memorandum of Law ("Motion") (Doc. 138) and Plaintiff's Response in Opposition thereto ("Response") (Doc. 141). Defendants seek leave to file under seal a complete and unredacted copy of a declaration in support of their motion for summary judgment. Defendants explain that the declaration contains sensitive salary and compensation information of current and/or former employees of Merrill Lynch, who are not parties to this lawsuit and who have no reasonable means of objecting to the production of this information in the public record. Plaintiff responds that the Motion is moot in light of the parties' Joint Confidentiality Agreement.[1] (*See id.* at 2.) In light of the requirements of Local

---

[1] The Joint Confidentiality Agreement, which is dated November 2, 2017 and is signed by Defendants' counsel and Plaintiff's former counsel, is attached to Defendants' Motion. Rather than refer to this Agreement, Plaintiff references and

(continued...)

Rule 1.09(a), the Motion is not moot, and, for the reasons stated herein, it is due to be **GRANTED**.

As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential because the public has "a common-law right to inspect and copy judicial records and public documents." In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *See id.* at 1313; *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re *Alexander*, 820 F.2d at 356.

If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam). In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or

---

[1](...continued)
attaches a Consent Protective Order, which is not dated or approved by the Court, and does not reflect the parties' signatures. (*See* Doc. 141-1.)

public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Even in the absence of a third party challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record."  *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Further, pursuant to Local Rule 1.09(a):

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.  The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant [to] this section shall state the particular reason the seal is required.

M.D. Fla. R. 1.09(a).

The Court will permit the sealing of the declaration, because the above listed requirements have been satisfied.  *See Trunnell v. Advance Stores Co.*, 2011 U.S. Dist. LEXIS 126260, *3 (N.D. Fla. Oct. 31, 2011) (finding good cause

for sealing certain non-party pay and personnel records); *see also Benedict v. Hewlett-Packard Co.*, 2016 U.S. Dist. LEXIS 86250, *8-9 (N.D. Cal. July 1, 2016) (finding good cause to seal documents containing, *inter alia*, private salary information and performance reviews of employees).  However, Defendants shall also file a redacted version of the document on the public docket.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 138**) is **GRANTED**.[2]  Defendants may present to the Clerk of Court for filing under seal the declaration in support of their motion for summary judgment, which shall remain under seal **until further Order of the Court**.  At the conclusion of this litigation, or beforehand if deemed necessary by the parties, the parties shall move to have the subject document unsealed or returned.  Defendants shall also file a redacted version of the document on the public docket.

---

[2] To the extent the Motion requests an order "directing Plaintiff to file any un-redacted records containing compensation and/or wage information of non-parties under seal," the request is premature as it is unclear if Plaintiff intends to file such information at this juncture.  However, Plaintiff is cautioned to comply with the Joint Confidentiality Agreement as well as with Local Rule 1.09(a), if he intends to file such information.  Further, if Plaintiff needs to reference employee-specific sealed information in his public filings, he shall refer to the relevant non-party employee in the same way that Defendants are referring to that employee.  (*See* Doc. 138 at 3 (stating there will be a "key" matching each employee to a designation, *i.e.*, "Employee A," by which each employee will be referred in any unsealed filing).)

**DONE AND ORDERED** at Jacksonville, Florida, on August 29, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Party