**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LANDON L. WILLIAMS,

      Plaintiff,

v.                                                                    Case No. 3:15-cv-1449-J-39MCR

BANK OF AMERICA CORPORATION
and MERRILL, LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 177;

Report) entered by the Honorable Monte C. Richardson, United States Magistrate

Judge and Plaintiff's Objection to the Report and Request for Hearing (Doc. 178;

Objection).[1] In the Report, the Magistrate Judge considered Defendants' Motion to

Dismiss as Sanction for Plaintiff's Repeated Abuse of the Discovery Process and

Violations of this Court's Orders (Doc. 158; Motion) and Plaintiff's Amended Motion to

Strike Defendants' Motion to Dismiss and Request for Sanctions (Doc. 165).[2] The

Report recommends that the Motion be granted to the extent that Plaintiff be required to

reimburse Defendants for certain reasonable expenses. Report at 30.

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific

---

[1] The time for Defendants to respond to the Objection has not elapsed, but upon
review, the Court finds that a response to the Objection is not needed.

[2] The Court treats Plaintiff's Motion to Strike as a response to Defendant's Motion.

Case 3:15-cv-01449-BJD-MCR   Document 179   Filed 08/16/19   Page 2 of 8 PageID 2040

objections to findings of fact are filed, the district court is not required to conduct de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). If, on the other hand, a party files an objection, the district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which the party objects. Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (on dispositive matters, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The Court reviews de novo the Magistrate Judge's proposed findings of fact and legal conclusions to which Plaintiff has objected. 28 U.S.C. § 636(b)(1).

The Report details the facts and procedural history setting the stage for its recommendation. For efficiency's sake, the Court will not recite the case's background in detail. The bottom line is the Report determined that "Plaintiff should be sanctioned for his repeated failure to appear for his follow-up deposition despite several Court Orders and warnings that failure to comply could result in the imposition of sanctions." Report at 22. Notably, Defendants issued at least five notices for Plaintiff's deposition, and Plaintiff failed to appear for any of the designated dates, including the ones established at his request. The Report found that Plaintiff's behavior constituted "a clear pattern of delay" and showed "willful disregard for this Court's Orders." Id. at 27. Because the Court had not yet imposed monetary sanctions against Plaintiff, the Report opted for that sanction instead of the more severe sanction of dismissal. Id.

Plaintiff's Objection to the Report opens with complaints about the Magistrate Judge's previous decisions to not strike several of Defendants' filings for their purported

failure to include a memorandum of law as required by Local Rule 3.01(a). Obj. at 2.

Specifically, Plaintiff challenges Defendant's Motion for Additional Time to Complete

Deposition of Plaintiff (Doc. 116; Motion for Additional Time), as being improvidently

granted because it does not contain a legal memorandum of law. Id. Plaintiff continues

that if the Motion for Additional Time could not be properly granted then Plaintiff cannot

be forced to comply. Id. Plaintiff is mistaken. First, the Magistrate Judge determined that

the Motion for Additional Time was in substantial compliance with Local Rule 3.01(a).

(Doc. 147 at 8). The undersigned affirmed that determination in its September 19, 2018

Order. (Doc. 156 at 3-4). By continuing to reassert this baseless argument, Plaintiff's

argument cannot be found to be made in good faith.[3] And, at any rate, Plaintiff's

disagreement with the Court's Orders does not give him license to ignore them. See

Maness v. Meyers, 419 U.S. 449, 458 (1975) ("Persons who make private

determinations of the law and refuse to obey an order generally risk criminal contempt

even if the order is ultimately ruled incorrect.").

Plaintiff's next objection is premised on Defendant's alleged failure to comply with

Local Rule 3.01(g). As with the Plaintiff's objection regarding Local Rule 3.01(a), the

Court has already addressed Plaintiff's argument on this point in its January 10, 2019

Order:

> The purpose of Local Rule 3.01(g) "is to require the parties
> to communicate and resolve certain types of disputes
> without court intervention." Winston v. A to Z Wiring, LLC,
> No. 516CV484OCPGBPRL, 2018 WL 1940430, at *1 (M.D.
> Fla. Mar. 21, 2018). "The term communicate has been
> defined as to speak to each other in person or by telephone,
> in a good faith attempt to resolve disputed issues." Id.

---

[3] The Court has previously warned Plaintiff multiple times about reincorporating all
of his prior arguments into redundant and unnecessarily long filings. (Doc. 156 at 3).

> (internal quotations omitted). While Defendants' efforts to
> confer were not as complete as the Court generally prefers,
> email between the parties when one is represented by an
> attorney and the other proceeds pro se may be considered
> preferable to reduce the likelihood of misunderstandings, or,
> in the event of a misunderstanding, to create a documented
> record of the parties' exchanges.

(Doc. 173 at 5). Moreover, the Magistrate Judge properly highlighted that 3.01(g) does not apply to all motions, such as motions to dismiss. Plaintiff provides no reason why the Court's prior holding on this issue should be altered, nor would altering its prior decision have excused Plaintiff's non-compliance with the applicable rules of procedure or the Court's Orders.

Plaintiff also objects to the Report on the basis that Plaintiff could not appear before the second noticed deposition because he was sick. Obj at 5. The Court finds this claim particularly troubling because Plaintiff never gave this as a reason excusing his failure to appear in his response to Defendant's Motion and Plaintiff failed to attach any corroborating evidence of this claim. Moreover, the Court is left to wonder—assuming Plaintiff was sick for one deposition—why did Plaintiff fail to appear for the other four noticed depositions?

Finally, Plaintiff claims that it is not possible to respond to the Magistrate Judge's Report and Recommendation within the time allotted by the Local Rules. Obj. at 4. Plaintiff goes on to request 30 additional days to object to the Report. Id. Inherent in the Court's authority is the power of the Court to manage its affairs so as to achieve the orderly and expeditious disposition of its cases. See Wieckiewicz v. Edu. Credit Mgmt. Corp., 443 F. App'x 449, 450 (11th Cir. 2011). This includes the Court's ability "to extend or modify deadlines within a case management and scheduling order to enlarge the discovery period[,]" upon a showing of good cause. See Gadsby v. Am. Golf Corp.

- 4 -

of California, No. 2:10-CV-680-FTM-99, 2012 WL 2368568, at *1 (M.D. Fla. June 21,

2012); Fed. R. Civ. P. 16(b)(4). This Court also "has broad discretion to stay

proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520

U.S. 681, 706 (1997); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to

stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants."); see Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360

(11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in

managing their cases."); Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234,

1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the

management of pre-trial activities, including discovery and scheduling.").

  Plaintiff's request for an extension of time is embedded within a document

labeled as an objection and request for hearing contrary to Local Rule 3.01(a). Plaintiff

also failed to include a statement that he conferred with opposing counsel as required

by Local Rule 3.01(g). This is particularly troubling where Plaintiff complains of

Defendants' failure in this regard and worse yet, cites to "two separate Motion(s) to

Compel summarily denied by the [M]agistrate [Judge] for failure to comply with the

'meet and confer' requirement of Local Rule 3.01(g) . . . ." Obj. at 13. As Plaintiff was

previously and repeatedly warned, "[a]ny failure to comply with the Local Rules may

result in a summary denial or striking of any offending filing(s)." Small v. Amgen, Inc.,

No. 212CV476FTM29MRM, 2016 WL 7228863, at *6 (M.D. Fla. Sept. 28, 2016); (see

also Doc. 3 ("The failure to comply with [the applicable rules] or any other rule may

result in the denial of the motion. Plaintiff is also cautioned that he must abide by and

comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal . . . ."). In addition, the arguments made in his Objection are objectively and subjectively frivolous where the Court has previously rejected these arguments on multiple occasions.

The Eleventh Circuit has repeatedly "held that a district court does not abuse its discretion in dismissing a civil complaint under Rule 41(b) where the record indicates deliberate and repeated conduct of noncompliance." McDonald v. Emory Healthcare Eye Ctr., 391 F. App'x 851, 854 (11th Cir. 2010). Plaintiff has consistently ignored the Court's Orders and the applicable rules of procedure. While the Court liberally construes Plaintiff's filings because he proceeds pro se, the Eleventh Circuit "'has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" Clement v. McCarley, 708 F. App'x 585, 588 (11th Cir. 2017) (McNeil v. United States, 508 U.S. 106, 113 (1993)).[4] The Magistrate Judge, as he noted, was within its discretion to recommend dismissal of this case for Plaintiff's failure to follow the Court's Orders and repeated failures to comply with the applicable rules, which included multiple unexcused absences at noticed depositions. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); see also Maus v. Ennis, 513 F. App'x 872, 878 (11th Cir. 2013) (holding that "pro se litigants are subject to the Federal Rules of Civil Procedure, including sanctions for misconduct

---

[4] As noted by the Report, Plaintiff attended law school for approximately two years (Doc. 128.2 at 12), and has, on his own behalf, prosecuted 10 different law suits in the Middle District of Florida.

and for failure to comply with court orders"). In the face of the Magistrate Judge's less-severe recommended monetary sanction, Plaintiff persists in conduct he has been repeatedly warned against. In light of Plaintiff's persistence, the Court is convinced that no sanction short of dismissal with prejudice will do. See Shortz v. City of Tuskegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) ("Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice.").

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Objection to the Report and Request for Hearing (Doc. 178) is **OVERRULED**.

2. The Report and Recommendation (Doc. 177) is **ADOPTED** as the opinion of this Court except where modified herein and to the extent that this case is **DISMISSED with prejudice**. Additionally, the Court will withhold the imposition of monetary sanctions at this time in light of the dismissal.

3. Defendants' Motion to Dismiss as Sanction for Plaintiff's Repeated Abuse of the Discovery Process and Violations of this Court's Orders (Doc. 158) is **GRANTED to the extent** that this case is **DISMISSED with prejudice**. The Clerk of the Court shall close this file and terminate all pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this 16th day of August, 2019.

BRIAN J. DAVIS
United States District Judge

- 7 -

2
Copies furnished to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record
Unrepresented Parties